IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CORTEZ GATLIN,**

    Plaintiff,

v.                                                                     Civil Action No. **3:20CV115**

**THOMAS PISCITELLI,** *et al.***,**

    Defendants.

**MEMORANDUM OPINION**

Cortez Gatlin, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this *Bivens*[1]/Federal Tort Claims Action. The matter is proceeding on Gatlin's Amended Complaint (ECF No. 10). The matter is before the Court on the Motion to Dismiss filed by the United States, Piscitelli, Green, and Moubarek.[2] For the reasons set forth below, the Motion to Dismiss (ECF No. 22) will be GRANTED.[3]

**I. Procedural History**

Gatlin is currently confined at FCI Cumberland and was previously confined at FCC Petersburg. *Gatlin v. Piscitelli*, No. 18-2716 (RDM), 2020 WL 515882, at *1 (D.D.C. Jan. 31, 2020). Gatlin initially filed the action in the Superior Court for the District of Columbia. *Id.* The

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] Thomas Piscitelli is a medical officer at the Federal Correctional Complex in Petersburg, Virginia ("FCC Petersburg"). (ECF No. 10 ¶ 4). Jeff Green is the Food Service Administrator at FCC Petersburg. (*Id.* ¶ 5.) Mohamed Moubarek is the Clinical Director at Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"). (*Id.* ¶ 6.)

[3] The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions. Additionally, the Court omits any secondary citations from the parties' materials.

United States removed the action to the United States District Court for the District of Columbia ("D.C. District Court"). *Id.* Thereafter, on January 31, 2020, the D.C. District Court substituted the United States as the defendant for Gatlin's claims under the FTCA and transferred the action to this Court. *Id.* at *1, *3.

## II. Standard for a Motion to Dismiss

### A. Fed. R. Civ. P. 12(b)(6)

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted),

stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Furthermore, "Plaintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider new allegations . . . not contained in the complaint." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (citations omitted).

### B. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. A challenge under Rule 12(b)(1) may be facial or factual. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). If a defendant, as here, challenges the factual predicate of the court's subject matter jurisdiction, the defendant may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In instances where a defendant makes a factual challenge to subject matter jurisdiction, "the district court may then go

beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009).

Indeed, the Court may consider evidence outside of the pleadings without converting a defendant's 12(b)(1) motion into one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). Regardless of whether the 12(b)(1) challenge is facial or factual, the plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### III. Summary of Allegations and Claims

On May 19, 2017, while incarcerated in FCC Petersburg, Gatlin swallowed a portion of a screw that was in his soup. (ECF No. 10 ¶ 9.) Gatlin went to the medical department where x-rays revealed the portion of the screw that Gatlin had ingested. (*Id.*) Medical personnel at FCC Petersburg provided Gatlin with a "'Blue Light' which [was supposed to] induce defecation. Unfortunately, the hazardous fragment remained in his system." (*Id.*) On May 20, 2017, Gatlin reported to the medical department that he had blood in his stool and was experiencing abdominal pains. (*Id.* ¶ 10.) Dr. DiCocco was notified and additional x-rays and other tests were ordered. (*Id.*)

In the following days, Gatlin's pain persisted, but he did not hear anything further from the medical department. (*Id.*) On May 24, 2017, the medical department ordered another x-ray, which revealed that the portion of the screw was still inside of Gatlin, but was "moving toward exit." (*Id.*) On May 26, 2017, another x-ray was taken and Dr. Piscitelli informed Gatlin that the screw fragment remained inside of Gatlin. (*Id.* ¶ 12.) On or about June 1, 2017, Gatlin passed the

remainder of the screw. (*Id.* ¶¶ 12, 14.) Gatlin presented the screw fragment to the medical department and expressed concern that he should receive a tetanus shot and antibiotics. (*Id.* ¶ 14.) On June 5, 2017, the medical department prescribed Gatlin medication to assist in healing any internal cuts. (*Id.* ¶ 15.) On June 12, 2017, Gatlin was prescribed medication for his pain. (*Id.* ¶ 16.) On August 11, 2017, Gatlin took a follow-up fecal occult blood test, which did not reveal any internal bleeding. (*Id.* ¶ 23.)

Based on the above allegations, Gatlin raises the following claims:

| | |
|---|---|
| Claim 1 | Defendants Piscitelli and Moubarek violated Gatlin's rights under the Eighth Amendment when they failed to provide Gatlin adequate medical care after he swallowed a portion of a screw. |
| Claim 2 | Defendant Green violated Gatlin's rights under the Eighth Amendment by failing to ensure that Gatlin's food was free of dangerous, foreign objects. |
| Claim 3 | The United States is liable to Gatlin under the FTCA for the inadequate medical care provided to Gatlin by its employees at FCC Petersburg and FCI Cumberland. |
| Claim 4 | The United States is liable to Gatlin under the FTCA for the negligence of its employees which allowed a screw fragment to be present in Gatlin's food. |

### IV. Analysis of Gatlin's *Bivens* Claims

For civil rights actions, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except

5

for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)).

The Amended Complaint fails to contain any factual allegations regarding the medical care Gatlin received at FCI Cumberland or how Defendant Moubarek in particular violated Gatlin's Eighth Amendment rights. Accordingly, Claim 1, as it pertains to Defendant Moubarek, will be DISMISSED WITHOUT PREJUDICE.

To state an Eighth Amendment claim, an inmate must allege facts showing "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts to suggest that the deprivation complained of was extreme and amounted to more than the "routine discomfort" that is "part of the penalty that criminal offenders pay for their offenses against society." *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). "In order to demonstrate such an extreme deprivation, a prisoner must allege 'a serious or significant physical or emotional injury resulting from the challenged conditions.'" *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (quoting *Strickler*, 989 F.2d at 1381). With respect to claims of inadequate medical treatment under the Eighth Amendment, "the objective component is satisfied by a serious medical condition." *Quinones*, 145 F.3d at 167.

The subjective prong requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard—a showing

6

of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Quinones*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *see Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his [or her] actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

In order to state an Eighth Amendment claim for denial of adequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citing *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. Furthermore, in evaluating a prisoner's complaint regarding medical care, the Court is mindful that "society does not expect that prisoners will have unqualified access to health care" or

7

to the medical treatment of their choosing. *Hudson*, 503 U.S. at 9 (citing *Estelle*, 429 U.S. at 103–04). In this regard, the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977). Absent exceptional circumstances, an inmate's disagreement with medical personnel with respect to a course of treatment is insufficient to state a cognizable constitutional claim, much less to demonstrate deliberate indifference. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)).

Gatlin's Amended Complaint fails to contain any facts that indicate that either Defendants Green or Piscitelli acted with deliberate indifference. Gatlin premises Defendant Green's liability on the fact that Defendant Green was the Food Service Administrator, who was "responsible for all preparation, service, and orderly cleaning of food for the whole institution/complex," when Gatlin swallowed a portion of screw that was in his food. (ECF No. 10 ¶ 5.) "A single incident of finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected; however, evidence of frequent or regular injurious incidents of foreign objects in food raises what otherwise might be merely isolated negligent behavior to the level of a constitutional violation." *Brown v. Brock*, 632 F. App'x 744, 747 (4th Cir. 2015) (citing *Green v. Atkinson*, 623 F.3d 278, 280–81 (5th Cir. 2010)). Gatlin fails to allege facts that indicate Defendant Green was aware that foreign objects regularly appeared in the meals served to inmates at FCC Petersburg or otherwise acted with deliberate indifference. Accordingly, Claim Two will be DISMISSED WITHOUT PREJUDICE.

Furthermore, Gatlin fails to allege facts that indicate Defendant Piscitelli acted with deliberate indifference to Gatlin's medical needs. On the day he swallowed the screw fragment, medical personnel provided Gatlin with treatment to help him pass the screw fragment. When that

treatment proved unsuccessful, the next day x-rays were ordered and medical personnel monitored Gatlin's condition until he passed the screw on or around June 1, 2017. Medical staff provided Gatlin with medication to ameliorate any pain and to address possible internal injuries Gatlin may have experienced in passing the screw. Additionally, Gatlin was provided with follow-up testing to verify that he had not sustained internal injuries in passing the screw fragment. Nevertheless, Gatlin contends that Defendant Piscitelli acted with deliberate indifference because he failed to refer Gatlin to an outside specialist or prescribe a tetanus shot or antibiotics. Gatlin fails to allege facts that suggest that Defendant Piscitelli acted with deliberate indifference by not ordering these measures. *See Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006) ("Matters that traditionally fall within the scope of medical judgment are such decisions as whether to consult a specialist or undertake additional medical testing." (citing *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992))). At most, Gatlin states a disagreement with Defendant Piscitelli with respect to the appropriate course of treatment for his condition. *See Wright*, 766 F.2d at 849 (citing *Gittlemacker*, 428 F.2d at 6). Accordingly, Claim One against Defendant Piscitelli will be DISMISSED WITHOUT PREJUDICE.[4]

## V. Analysis of Gatlin's FTCA Claims

The United States is immune from suit except to the extent it consents by statute to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). The FTCA acts as a limited waiver of sovereign immunity, by permitting tort suits against

---

[4] In his Response to the Motion to Dismiss, Gatlin raises a host of new factual allegations in support of his constitutional claims. It is doubtful that these additional factual allegations are sufficient to support a plausible claim of deliberate indifference against Defendants Piscitelli, Moubarek, or Green. Moreover, Gatlin must present these new factual allegations in a proposed amended pleading, rather than in his opposition to the Motion to Dismiss. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (citations omitted) ("[I]t is black-letter law that . . . a court evaluating . . . a motion to dismiss[] must focus only on the allegations in the pleadings.").

the government. *Williams v. United States*, 50 F.3d 299, 305 (4th Cir. 1995). Under the FTCA, the government consents to "actions for damages against the United States for injuries caused by the tortious conduct of United States agents or employees acting within the scope of their employment to the extent that a private party would be liable under state law." *Id.* (citing 28 U.S.C. § 1346(b)). Nevertheless, courts must "scrupulously observe[]" the requirements for securing the government's waiver. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (citing *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979)). Hence, a plaintiff must file his or her FTCA action "in careful compliance with its terms." *Id.* (citation omitted).

Under the FTCA, a federal court will not have jurisdiction over a tort suit against the United States unless the litigant "exhaust[s] his administrative remedies with the appropriate federal agency *prior* to bringing suit in federal court." *Sowers v. United States*, No. 1:17CV1490 (TSE/IDD), 2018 WL 6709509, at *3 (E.D. Va. Dec. 20, 2018) (emphasis added) (citing 28 U.S.C. § 2675(a)[5]; *McNeil v. United States*, 508 U.S. 106, 110–11 (1993); *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990) (administrative exhaustion requirement is jurisdictional and cannot be waived). "To exhaust administrative remedies under the FTCA, a claimant not only must present an administrative claim to the BOP, but also must afford the BOP at least six months to adjudicate

---

[5] This statute provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).

the claim prior to filing suit . . . ." *Id.* (citing 28 U.S.C. § 2675(a)). As reflected below, Gatlin failed to exhaust his administrative remedies prior to filing suit.

According to the pertinent regulation for FTCA claims, an administrative claim is deemed presented, "when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 [("SF-95")]." 28 C.F.R. § 14.2(a). Here, the BOP received Gatlin's SF-95 on June 18, 2018. (ECF No. 23-1, at 5.) In that SF-95, Gatlin complained that he sought damages due to the neglect of BOP personnel which resulted in him ingesting a screw and for the subsequent inadequate medical care. (*Id.* 5, 7–13.) By letter dated July 25, 2018, the BOP acknowledged receipt of Gatlin's administrative tort claim and informed him it "anticipate[d] six months from the date of this letter, to review, consider, and adjudicate [his] claim." (*Id.* at 17.) By letter dated, February 4, 2019, the BOP denied Gatlin's claim. (*Id.* at 19.)

Gatlin, however, did not await the denial of his claims or provide the BOP six months from June 18, 2018 to adjudicate his claims. Instead, on August 18, 2018, Gatlin filed his original complaint in this matter with the Superior Court for the District of Columbia.[6] (ECF No. 2-1, at 6.) Under these circumstances no jurisdiction exists to entertain Gatlin's FTCA claims because when

---

[6] In that complaint, Gatlin demanded damages for the fact that the United States of America had "acted with negligence" because he had been served food that contained a screw and then provided with inadequate medical care. (ECF No. 2-1, at 9.) Additionally, Gatlin named Piscitelli, Green, and Moubarek as defendants. (*Id.* at 6.) In his Response to the Motion to Dismiss, Gatlin asserts that he is *pro se* and his original "claims were not based on the same legal foundation" as his present FTCA claims. (ECF No. 27, at 18.)
Gatlin apparently suggests he did not bring any FTCA claims in his original complaint and thus complied with the requirements of 28 U.S.C. § 2675(a). This argument is unconvincing as Gatlin explicitly stated that he requested that the Court find "that the United States of America and its agencies Bureau of Prisons, by its employees has acted with negligence." (ECF No. 2-1, at 15). Further, the factual and legal basis for the claims in the original complaint were the same as Gatlin identified in his SF-95 submitted to the BOP and he sought the same $7,000,000 in damages. (*See id.* at 6–15; 23-1, at 5, 7–13.) Additionally, in his Motion to Amend, Gatlin acknowledge that in filing "his original complaint [he] failed to wait until his Federal Tort Administrative was completed and denied before filing." (ECF No. 8, at 1.)

11

the complaint was filed, six months had not yet elapsed since the administrative claim was filed, nor had the claim been denied by the BOP. *Sowers*, 2018 WL 6709509, at *3 (citing *Plyer*, 900 F.2d at 42–43). "The fact that [Gatlin's] administrative claim was denied after he initiated this federal lawsuit does not alter that conclusion." *Sowers*, 2018 WL 6709509, at *3 (citing *McNeil*, 508 U.S. at 113; *Plyer*, 900 F.2d at 42–43; *Bloch v. Executive Office of the President*, 164 F. Supp. 3d 841, 863 (E.D. Va. 2016)). Accordingly, Claims Three and Four will be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

### VI. Conclusion

The Motion to Dismiss (ECF No. 22) will be GRANTED. Claims One and Two will be DISMISSED WITHOUT PREJUDICE. Claims Three and Four will be DISMISSSED WITHOUT PREJUDICE for lack of jurisdiction. Gatlin's Motion for the Appointment of Counsel (ECF No. 21) will be DENIED.[7] The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 22 February 2021
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge

---

[7] Counsel need not be appointed in civil rights actions unless the case presents complex issues or exceptional circumstances. *See Fowler v. Lee*, 18 F. App'x 164, 166 (4th Cir. 2001) (citation omitted). This action presents no complex issues or exceptional circumstances. Additionally, Gatlin's pleadings demonstrate that he is competent to represent himself in the action.